# CIRCUIT COURT OF THE CITY OF NORFOLK

Christopher N. Morse,
Trustee in Liquidation for
The Two Antique Dealers, L.L.C.

v.

Pamela Barwick,
Gary Barwick,
and Firefly Contemporary
and Antique Collectibles, L.L.C.

May 10, 2012

Case No. (Civil) CL12-606

By Judge Mary Jane Hall

The matter comes before the Court on Defendants' Plea in Bar. For the reasons set forth herein, the Plea is overruled.

*Factual Background*

Plaintiff, Mr. Morse, alleges that he "brings this action as trustee in liquidation for Plaintiff, The Two Antique Dealers, L.L.C.," a company that had "been dissolved on December 21, 2009." He seeks a remedy against Defendants for breaching a contract to purchase the assets of an antique furniture store that had been operated by The Two Antique Dealers, L.L.C. The entity is also referred to as 2 Antique Dealers, L.L.C.

The contract, filed as an attachment to the Complaint, recites on the first page that it is made "this January 15th, 2010, between 2 Antique Dealers and Firefly Contemporary and Antiques Collectibles." The final page of the contract, however, includes under the term, "Seller's Signature," the signature of Christopher N. Morse.

## Analysis

Defendants advance two arguments in support of their contention that the action is barred. First, they claim that Christopher N. Morse, as trustee in liquidation for 2 Antique Dealers, L.L.C., may not assert a breach of contract claim because the subject contract does not recite that Christopher N. Morse was acting in his capacity as trustee in liquidation for the limited liability company; they state, "The Defendants' argument on its plea in bar is that no contract exists between the Plaintiff and the Defendants. Christopher Morse, Trustee in Liquidation for 2 Antique Dealers, L.L.C., is not a party to any of the contract documents." (Def. Memo. at 2–3.)

Virginia Code § 13.1-1050.2 governs this controversy. That statute provides in paragraph C:

> The properties and affairs of a limited liability company whose existence has been canceled pursuant to this section, shall pass automatically to the managers, or if the limited liability company is managed by its members, then to its members, or if the limited liability company has no managers or members, then to the holders of its interests, in each such case as trustees in liquidation. The trustees shall then proceed to (i) collect the assets of the limited liability company; (ii) sell, convey, and dispose of such of its properties as are not to be distributed in kind to its members, (iii) pay, satisfy, and discharge its liabilities and obligations; and (iv) do all other acts required to liquidate its business and affairs.

*Id.*

By operation of this statute, the assets of the former limited liability company passed "automatically" to its interest-holders for the purposes of liquidating the business. The statute does not require any formalities to be undertaken by the individuals who become owners of L.L.C. assets in order to convey and dispose of those assets. Defendants' Plea suggests that Mr. Morse's failure to note on the Purchase Agreement that he was acting in his capacity as a trustee in liquidation for 2 Antique Dealers renders the contract unenforceable. They have not cited, and the Court has not located, any authority to support that position.

The Virginia Stock Corporation Act has a provision addressing the automatic termination of corporate existence that, like the corresponding provision in the Limited Liability Company Act quoted above, provides for the properties and affairs of a terminated corporation to pass automatically to its directors as trustees in liquidation. Interpreting that provision, the Fairfax Circuit Court ruled that a contract in which a sole director individually conveyed property formerly owned by his corporation was

enforceable. The director had not entered into the contract in his capacity as trustee in liquidation:

> Clearly under this provision [Va. Code § 13.1-752(A)] "property" passes to the directors as trustees automatically as of the day the corporate existence ceases. In this case, the property too passed to Mr. Huh, as trustee, by virtue of being the only director. . . . As title holder, Mr. Huh, and Mr. Huh alone had the power to transfer the property of the corporation.

*Lifta Enterprises v. Huh*, 64 Va. Cir. 40, 44-45 (Fairfax 2004). *Lifta* was a case in equity and distinguishable in certain respects, but it recognized the validity of a contract in which an individual conveyed that which had automatically passed to him as a director upon the termination of a corporation.

In the case at bar, review of the contract as a whole abundantly reveals that the buyers were purchasing from Mr. Morse everything that had been formerly owned by the going concern known as 2 Antique Dealers. Assuming that Mr. Morse was the only interest-holder of 2 Antique Dealers and nobody has offered any evidence or argument to show otherwise, then he had the capacity to convey those assets whether he identified himself as a trustee in liquidation or not. Therefore, the Court rejects the first basis for the Plea in Bar, which relies upon his failure to sign the contract in his capacity as trustee in liquidation for 2 Antique Dealers, L.L.C.

Defendants' second argument conflicts with their first argument. They state that the Complaint "alleges that 2 Antique Dealers contracted to sell assets to Firefly Contemporary Collectibles. In other words, the complaint alleges that 2 Antique Dealers, L.L.C., was the seller and Firefly Collectibles, L.L.C., was the buyer." Def. Memo at 3. Because 2 Antiques Dealers, L.L.C., ceased to exist as a limited liability company shortly before execution of the contract, Defendants argue, it was no longer authorized to conduct business and actually committed a misdemeanor offense by entering into the subject contract. See Va. Code § 13.1-1007.

The argument is factually incorrect. Neither the Complaint nor the contract recites that the selling entity is a limited liability company. The contract identifies the buyer as "2 Antique Dealers," not 2 Antique Dealers, *L.L.C.*, and bears the signature of Christopher N. Morse. Additionally, the pronouns used throughout the contract in reference to the Seller are personal, "he" and "his," rather than "it" or "its," which would be used in reference to an entity. Any reader of the contract would conclude that the seller was a person rather than an entity. To the extent that paragraph 3 of the Complaint, with the references to the seller as "2 Antiques Dealers" and the use of the pronoun "its" rather than "his" arguably suggests that the defunct entity and not Mr. Morse was the contracting party, that is at most

an inaccurate description of the contract, which is superseded by the actual contract language. The contract itself does not support a conclusion that a defunct entity was attempting to engage in illegal activity.

Finally, the purpose of the contract was to convey and liquidate the assets of a terminated L.L.C., a purpose not only not illegal but specifically authorized by Va. Code § 13.1-1050.2(C). For these reasons, the Court finds that Defendants have failed to carry their burden of proving that the Complaint is barred. The Plea in Bar is overruled.